## CIRCUIT COURT OF THE CITY OF NORFOLK

David Yoder

v.

Irina Yoder

April 3, 2015

Case No. (Civil) CL15-0809

By Judge David W. Lannetti

Today the Court rules on the Motion for the Commonwealth To Assume Jurisdiction filed by Plaintiff David Yoder. The only issue before the Court is whether it has jurisdiction to hear the child custody matters associated with the Complaint for Divorce filed by David Yoder. The Court finds, based on an analysis of the home state of the parties' children, that exclusive jurisdiction lies in the Commonwealth of Virginia. The Court, therefore, grants the Motion for the Commonwealth To Assume Jurisdiction.

On March 17, 2015, the Court heard David Yoder's Motion for the Commonwealth To Assume Jurisdiction. Based on the pleadings and the admissions disclosed at the hearing, the following facts are undisputed. The parties, David Yoder and Irina Yoder, were lawfully married on June 11, 2005, in Mississippi. There are two minor children born of the marriage: David Grant Yoder and Reagan Hope Yoder ("the Children"). The parties separated on January 1, 2014, and last cohabitated in Chesapeake, Virginia. Both parties continued to reside in Virginia until on or after July 29, 2014, when Irina Yoder voluntarily relocated to Mississippi with the Children. David Yoder alleges that Irina Yoder relocated to Mississippi on July 29, 2014, (Br. in Supp. of Pl.'s Mot. for the Commonwealth To Assume Jurisdiction 2), whereas Irina Yoder alleges that she relocated to Mississippi in August 2014. (Special Appearance and Plea to the Jurisdiction to the Ct. 1.) David Yoder remained in Virginia. On January 22, 2015, David Yoder filed his Complaint for Divorce in the Circuit Court of the City of Norfolk, Virginia. On January 30, 2015, Irina Yoder filed her Complaint for Divorce in the Chancery Court of Marion County, Mississippi.

At the March 17, 2015, hearing, the Court learned of Defendant Irina Yoder's parallel divorce proceeding in Mississippi (*Irina Rose Yoder v.*

*David Yoder*, Chancery Court of Marion County, cause number 2015-0137-G-B). The Court heard argument from counsel regarding whether Virginia has jurisdiction to hear the child custody matters associated with the divorce matter filed by David Yoder. Counsel for David Yoder argued that § 201 of the Uniform Child-Custody Jurisdiction and Enforcement Act ("UCCJEA") grants this Court exclusive jurisdiction to make an initial child custody determination because Virginia was the home state of the Children at the time David Yoder filed his divorce proceeding. UCCJEA, § 201, has been codified in both Virginia, *see* Va. Code Ann. § 20-146.12 (1950), and Mississippi, *see* Miss. Code Ann. § 93-27-201. Counsel for Irina Yoder, making a special appearance to challenge jurisdiction, disagreed and asserted that Irina Yoder's allegations of domestic violence by David Yoder made the Chancery Court of Marion County, Mississippi, a more appropriate venue

Upon careful review of § 20-146.12 of the Code of Virginia, the equivalent of UCCJEA, § 201, and consideration of the pleadings and argument of the parties, the Court finds that Virginia has exclusive jurisdiction to make an initial child custody determination regarding the Children. Section 20-146.12(A)(1) provides that Virginia has jurisdiction to make an initial child custody determination if Virginia "was the home state of the child within six months before the commencement of the proceeding and the child is absent from this Commonwealth but a parent or person acting as a parent continues to live in this Commonwealth." Va. Code Ann. § 20-146.12(A)(1) (1950). Section 20-146.12(B) provides that § 20-146.12(A) "is the exclusive jurisdictional basis for making a child custody determination by a court of this Commonwealth." *Id.* § 20-146.12(B).

As the Virginia Court of Appeals has pointed out, "to determine whether a court of this Commonwealth ha[s] jurisdiction to make an initial child custody determination[, a court] must first decide what the 'home state' of the child was on ... the date th[e] proceeding was filed." *Prizzia v. Prizzia*, 58 Va. App. 137, 148, 707 S.E.2d 461, 466 (2011). "[A] child's 'home state' is where the child has lived with one or more of his parents for the consecutive six-month period immediately preceding the date on which a child custody proceeding is filed." *Id.* (interpreting Va. Code § 20-146.1). As the *Prizzia* court noted, "[w]here, as here, the child was not living in Virginia on the date the [Virginia] proceeding was filed, we must determine if Virginia was the child's home state *at any time during the six months before the filing date*. If so, Virginia would continue to have initial jurisdiction." *Id.* (emphasis added) (citing Va. Code § 20-146.12(A)(1)).

The undisputed facts in this case demonstrate that: on July 29, 2014, the Children had resided in Virginia for six consecutive months, making Virginia the Children's home state as of that date; the Children currently are absent from Virginia; David Yoder continues to live in Virginia; and David Yoder filed his Complaint for Divorce in this Court on January 22, 2015,

which is within six months of when Virginia was the Children's home state. Exclusive jurisdiction therefore lies in Virginia.

Although the Court is authorized by statute to decline to exercise its jurisdiction if it determines that it is an inconvenient forum under the circumstances and that a court of another state is a more appropriate forum (pursuant to § 20-146.18 of the Code of Virginia and its Mississippi counterpart, § 93-27-207 of the Code of Mississippi), this Court is not inclined to do so. The Court elects not to exercise its authority to decline jurisdiction, in addition to Virginia being the home state of the children within six months before the commencement of David Yoder's divorce proceeding, because any evidence relating to the domestic violence allegations raised by Irina Yoder (for the first time in her Mississippi Complaint for Divorce) would be here in Virginia; Irina Yoder chose to leave Virginia and take the Children with her; and none of the other factors enumerated in § 20-146.18 of the Code of Virginia weigh significantly in favor of the Court's declining to exercise jurisdiction. Although Irina's allegations that she "suffered domestic violence during this marriage" are not geographically specific, she alleges that, as a result, she had "to *relocate* to Mississippi to be close to her extended family and her support system." (Special Appearance and Plea to the Jurisdiction to the Ct. 2 (emphasis added).) Additionally, David Yoder alleges that he has not lived in Mississippi during the marriage, but rather has lived only in Virginia. (Br. in Supp. of Pl.'s Mot. for the Commonwealth To Assume Jurisdiction 1-2.) The Court therefore concludes that any evidence related to the domestic violence allegations would be in Virginia.

For these reasons, the Court grants Plaintiff's Motion for the Commonwealth To Assume Jurisdiction. An order reflecting the Court's ruling has been entered; signatures are waived pursuant to Rule 1:13 of the Rules of Supreme Court of Virginia, and counsel are directed to file any objections with the Court within fourteen days. As a courtesy, this Court is mailing a copy of this Opinion and the accompanying Order to the Chancery Court of Marion County, Mississippi.